UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC L. LOGGINS, | No.  2:21-cv-0140 KJN P |
| Petitioner, | |
| v. | ORDER |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner paid the filing fee.

Petitioner raises four claims in his petition.  Claims one, two, four and five challenge his conditions of confinement.  In claim three, petitioner refers to the modification of his sentence by the Bureau of Prisons ("BOP").  Petitioner seeks money damages and injunctive relief.  (Id. at 11.)  As dismissed below, the petition is dismissed with leave to amend.

I.  Jurisdiction

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  For federal prisoners wishing to challenge matters related to their convictions and/or sentences, there are two statutory bases for federal district court jurisdiction: 28 U.S.C. § 2241 ("§ 2241"); and 28 U.S.C. § 2255.

A § 2241 habeas corpus petition is a vehicle for a federal prisoner's challenge to the execution of his sentence. Hernandez, 204 F.3d at 864. Challenges to a prisoner's conditions of confinement, however, must be brought through a civil rights action, rather than through a habeas corpus petition. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Ramirez v. Galaza, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016).

### A.   Claims Concerning Conditions of Confinement

Here, in claims one, two, four, and five, petitioner challenges the conditions of his confinement rather than his conviction or sentence. Nothing he alleges in such claims, directly or by implication, relates to the execution of his sentence. By such allegations, petitioner effectively seeks to pursue a Bivens civil rights claim based on conditions of his confinement that are alleged to violate his constitutional rights.[1] Such claims do not implicate the fact or duration of petitioner's confinement, and therefore are not cognizable under § 2241. Instead, claims one, two, four and five must be raised by way of a Bivens complaint or through some other form of civil action, rather than through a habeas petition brought under § 2241.

---

[1] See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which applies when civil rights-type claims based on asserted deprivations of constitutional rights are asserted against federal officials.

While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." Nettles, 830 F.3d at 936. Here, the court declines to construe the instant petition as a civil rights complaint under Bivens for the following reasons. First, although he seeks proper relief, petitioner named the Federal Bureau of Prisons, which is not a proper defendant in a civil rights action. Second, not all of the claims concerning conditions of confinement are related, and do not appear to involve the same individuals who would need to be named as defendants.[2] Third, petitioner would be required to pay the $350.00 filing, either in full up front, or through withdrawals from his prison trust account if he were granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(b).[3] Finally, petitioner admits that he has not exhausted all available appeals, a prerequisite to filing a civil rights action.[4]

---

[2] A civil rights plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

[3] If petitioner were granted leave to proceed in forma pauperis in a converted civil rights action, he would be subject 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Id. Thus, if the converted petition were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against petitioner for purposes of 28 U.S.C. § 1915(g).

[4] Title 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Therefore, petitioner's claims one, two, four and five are dismissed without leave to amend, but without prejudice to petitioner pursuing such claims in a different action.

B. Claim Three

In his third claim, petitioner states that the Bureau of Prisons ("BOP") "modified [his] sentence for over 9 months, to date remedies to properly run the facility are available." (ECF No. 1 at 7.) He claims staff at FCI Herlong "have to adhere to what BOP is instructing them to do." (Id.)  Petitioner provides no other facts to support claim three.

A § 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. White v. Lambert, 370 F.3d 1002, 1009 (9th Cir. 2004); Hernandez, 204 F.3d at 864.

Here, petitioner does not challenge his conviction.  Petitioner attempts to challenge the execution of his sentence under § 2241 because he refers to the modification of his sentence by the BOP.  But petitioner fails to provide sufficient facts for the court to determine whether he is able to allege sufficient facts to state a cognizable claim challenging the execution of his sentence.  Indeed, petitioner's allegations are so vague and incomplete the petition must be dismissed.  However, petitioner is granted leave to amend.[5]  In the amended petition, petitioner must set forth his claim for relief that challenges the execution of his sentence under § 2241, and summarize the facts he alleges supports the identified § 2241 claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

////

---

Petitioner explains that he was not provided BP-8 & BP-9 forms upon request, but it is unclear whether such forms are used to exhaust conditions of confinement claims at the prison, or with the Bureau of Prisons to exhaust challenges to the execution of his sentence under § 2241.

[5]  Petitioner is cautioned that section 2241 also has an exhaustion requirement.  See, e.g., Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004).

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus under 28 U.S.C. § 2241, as well as a civil rights complaint filed by prisoners under 42 U.S.C. § 1983.

Dated:  March 12, 2021

                                                  */s/ Kendall J. Newman*
                                                  KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE

logg0140.114