1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISAAC LEE LOGGINS,                          No.  2:21-cv-0140 KJN P

12                  Petitioner,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   FEDERAL BUREAU OF PRISONS,

15                  Respondent.

16

17        Petitioner is a federal prisoner, proceeding pro se, with a petition for writ of habeas corpus

18   under 28 U.S.C. § 2241.  Petitioner paid the filing fee.  Petitioner's amended petition is before the

19   court.  As set forth below, the undersigned recommends that the amended petition be dismissed.

20   I.  Background

21        Petitioner was convicted and sentenced in the Southern District of Iowa.  (ECF No. 8 at

22   2.)

23   II.  The Instant Petition

24        Petitioner alleges a violation of his due process rights under the Fifth Amendment (ECF

25   No. 8 at 3) and states the following.  The federal Bureau of Prisons ("BOP") and FCD-Herlong

26   "have imposed various modifications to normal operations in an attempt to keep COVID-19 from

27   spreading, with varied results, but ultimately failed to keep the virus out of FCI-Herlong.  The

28   measures put in place at FCI-Herlong did not follow the directions of the Attorney General to

                                              1

reduce prison population.  At this time, petitioner was assigned as a unit orderly to clean all common areas in the unit.  Despite the best efforts of petitioner and other orderlies, COVID-19 spread into the prison and spread to almost all inmates in petitioner's unit, including petitioner. FCI-Herlong was on modified lockdown since April 1, 2020, and correctional officers in the kitchen began complaining that the work was too difficult without inmate workers.  (ECF No. 8 at 4.)  On December 7, 2020, without seeing petitioner, an unidentified person noted in the computer that petitioner was deemed "recovered" from the virus.  (Id.)  On December 10, 2020, without seeing or examining petitioner, someone deemed petitioner "cleared" to work in food service, and later that day, a case manager named Austin informed petitioner and his cellmate that they were deemed "cleared" to work in food service.  (Id.)  The next day, Correctional Officer Pintavo came to petitioner's cell and explained that he was warned inmates would not work in food service, but "stated that any inmates who did not go would be written up and sent to the SHU."  (ECF No. 8 at 5.)  "Backed into a corner," petitioner reported for food service still experiencing COVID-19 symptoms and was assigned to the dining room area where he bagged breakfasts, dinners, and special diet meals for inmates at FCI-Herlong.  He was forced to work 10 hours a day, seven days a week for 27 days, constituting an atypical and significant hardship compared to the ordinary incidents of prison life.  (ECF No. 8 at 5.)  The forced job change, while sick with COVID-19, under the threat of sanctions for non-compliance, combined with the implementation of a 70-hour work week, constituted a deprivation of petitioner's due process rights.  Further, petitioner was not adequately compensated for his work in December, and he received no pay in January.  (ECF No. 8 at 6.)  Petitioner complained to the warden who informed petitioner he should have been paid, and bonuses were also budgeted for food service workers during that time.  (Id.)

Petitioner seeks declaratory relief; injunctive relief preventing FCI-Herlong from implementing a similar policy in the future; and compensatory, nominal and punitive damages.

III.   Jurisdiction

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  For federal prisoners wishing to challenge matters related to their sentences,

2

1  there are two statutory bases for federal district court jurisdiction:  28 U.S.C. § 2241 ("Section

2  2241"); and 28 U.S.C. § 2255 ("Section 2255").

3        A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution

4  of his sentence," but not to attack its validity.  White v. Lambert, 370 F.3d 1009 (9th Cir. 2004),

5  overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010), overruled on

6  other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011); Hernandez, 204 F.3d at 864.  A

7  motion under Section 2255 generally is the exclusive mechanism (aside from a direct appeal) by

8  which a federal prisoner may challenge the validity or legality of his sentence.  See Muth v.

9  Fondren, 676 F.3d 815, 818 (9th Cir. 2012); Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir.

10  2008).

11        By contrast, challenges to a prisoner's conditions of confinement must be brought through

12  a civil rights action, rather than through a habeas corpus petition.  See Badea v. Cox, 931 F.2d

13  573, 574 (9th Cir. 1991); see also Hill v. McDonough, 547 U.S. 573, 579 (2006) ("[a]n inmate's

14  challenge to the circumstances of his confinement" must be brought through a civil rights action);

15  Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement

16  or to particulars affecting its duration are the province of habeas corpus; requests for relief turning

17  on circumstances of confinement may be presented in a § 1983 action.") (citation omitted.)  A

18  civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge

19  to the conditions of his prison life, but not to the fact or length of his custody."  Preiser v.

20  Rodriguez, 411 U.S. 475, 499 (1973); see also Ramirez v. Galaza, 344 F.3d 850, 859 (9th Cir.

21  2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a

22  successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

23  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement,

24  whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]"

25  and, instead, should be brought as a civil rights claim "in the first instance."  Nelson v. Campbell,

26  541 U.S. 637, 643 (2004).

27  ////

28  ////

1   Discussion

2       Petitioner does not challenge the fact or duration of his confinement, despite his efforts to

3   claims an attack on the execution of his sentence, or how his sentence is being carried out.  (ECF

4   No. 8 at 2.)  But petitioner may not seek money damages through a petition for writ of habeas

5   corpus, and his allegations are solely based on the conditions of his confinement.  Thus, this court

6   does not have jurisdiction under § 2241.  Rather, through his allegations, petitioner effectively

7   seeks to pursue a Bivens civil rights claim[1] based on being subjected to COVID-19, forced to

8   work while having COVID-19 and not being adequately compensated.  Such allegations do not

9   implicate the fact or duration of petitioner's confinement.

10      Because the petition may not be considered on § 2241 habeas review, the undersigned

11  considers whether to construe the petition as a civil rights complaint.  See Wilwording v.

12  Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a

13  habeas petition attacking conditions of confinement as a federal civil rights complaint).[2]  "If the

14  complaint is amenable to conversion on its face, meaning that it names the correct defendants and

15  seeks the correct relief, the court may recharacterize the petition."  Nettles v. Grounds, 830 F.3d

16  922, 936 (9th Cir. 2016) (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

17      Here, such conversion is improper for the following reasons:

18      1.  A Bivens civil rights complaint obligates petitioner to pay the $402.00 filing fee for a

19  civil action, either up front or, if he is granted leave to proceed in forma pauperis, $350.00

20  through withdrawals from his prison trust account;

21  ////

---

22  [1]  The U.S. Supreme Court recognized a limited cause of action against federal officials for civil
23  rights violations in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  Bivens
    claims are generally limited to alleged violations of the Fourth Amendment and inadequate
24  medical care in violation of the Eighth Amendment; the Supreme Court has also recognized the
    availability of Bivens to seek redress for gender discrimination in violation of the Fifth
25  Amendment.  Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017).  Further extensions of Bivens are
26  disfavored.  Id. at 1857.

27  [2]  Wilwording was superseded by statute on other grounds, Prison Litigation Reform Act of 1995
    ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71, as recognized in Woodford v. Ngo, 548 U.S.
28  81, 84 (2006),

2.  Petitioner only named the federal Bureau of Prisons as the sole respondent; petitioner does not name the people who allegedly committed the affirmative acts or omissions that violated his rights;

3.  Portions of his request for relief appear improper under <u>Bivens</u>.  <u>See</u> <u>Solida v. McKelvey</u>, 820 F.3d 1090, 1093-94 (9th Cir. 2016) ("[M]oney damages is the remedy under <u>Bivens</u>," and <u>Bivens</u> "does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action."); and

4.  The court would be obligated to screen the converted petition under the PLRA.  <u>See</u> 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  If the converted petition ultimately were dismissed for failure to state a claim upon which relief may be granted, such dismissal could count as a "strike" against petitioner for purposes of 28 U.S.C. § 1915(g).

Therefore, the undersigned finds it is appropriate to dismiss the § 2241 petition without prejudice.  Then petitioner may determine whether or not he wishes to raise his claims through a <u>Bivens</u> (or other) claim presented in a properly completed civil complaint.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 19, 2021

/logg0140.2241

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5